Story v. Walker.

## J. E. STORY v. J. H. WALKER.

EXEMPTION. *Mechanic's tools. Photographers.* A photographer is not a mechanic within the meaning of the statute which exempts from execution in the hands of each mechanic, etc., one set of mechanic's tools.

### FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger county. J. G. ROSE, J.

JOHN K. SHIELDS and J. L. ROGERS for Story.

G. W. PICKLE for Walker.

COOPER, J., delivered the opinion of the court.

By statute: "There is also exempt from execution, in the hands of each mechanic in the State who is engaged in the pursuit of his trade or occupation, one set of mechanic's tools, such as are usual and necessary to the pursuit of his trade." Walker having recovered a judgment against Story, who was a photographer, caused an execution thereon to be levied on a set of photographer's instruments and outfit, the property of Story, consisting of a photographic tent, and the usual tools and instruments used by an artist or photographer in taking pictures, such as bins, camera box, camera stand, head-rest, bath holder, etc., worth less than fifty dollars in all. The parties made up an agreed case in writing, setting out the foregoing facts, and submitted the same to the circuit court. The circuit judge held that the articles levied on were not exempt from execution under the statute, and Story appealed from his judgment. The Referees have reported in favor of an affirmance.

The Legislature of this State has not treated photographers as mechanics, but as photographic artists, and subjected their avocation to a privilege tax: Rev. Code, sec. 553 a, sub-sec. 29, and subsequent statutes. The exemption act first above quoted exempted also "to each mechanic, who is the head of a family, fifty dollars worth of lumber or material." The amount

of this exemption has since been increased to two hundred dollars worth of lumber or material, "or products of his labor, either in a finished or unfinished state": Act of 1879, ch. 59. The words of the statutes of exemptions were used, and intended to be understood in their usual and popular sense. A mechanic, engaged in the pursuit of his trade, is a workman employed in shaping and uniting materials, such as wood, metal, etc., into some kind of structure, machine, or other object, requiring the use of tools. The tools must be such as are used by the workman to shape or change the surface of lumber or other material, or create an object by manual labor: Freeman on Ex., sec. 226. The photographer is an artist, not an artisan, who takes impressions or likenesses of things and persons on prepared plates or surfaces. He is no more a mechanic than the painter who, by means of his pigments, covers his canvas with the glaring images of natural objects. And his tent, bins, camera stand camera box, head-rest, bath holder, etc., are no more tools, within the meaning of the exemption laws, than the tent, stool, easel, hand-rest, brushes, pigment box, and paints, glaze, etc., of the painter. The exemption was not intended to extend to these artists, and their tools of trade.

The judgment of the circuit court must be affirmed. The costs below should have been divided under the Code, section 3453. But the record does not show any objection to the judgment rendered, under these circumstances, we think that the entire costs of the cause should now be equally divided between the parties.